IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| LAURA CARR, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NESTLE PURINA PETCARE ) <br> COMPANY ) <br> ) <br> **Serve Registered Agent:** ) <br> CT Corporation System ) <br> 120 South Central Avenue ) <br> Clayton, MO 63015 ) <br> ) <br> ) <br> ) <br> ) <br> Defendant. ) | **CAUSE NO.:** <br><br><br> **JURY TRIAL REQUESTED** |

## COMPLAINT

COMES NOW Plaintiff, Laurie Carr, and for her cause of action against Defendant, states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. 1332(a)(1), which gives district courts jurisdiction over civil actions between citizens of different states.  There exists complete diversity, and the amount in controversy exceeds $75,000.

2. Venue is appropriate in this judicial district under 28 U.S.C. 1391(b)(2) because the events giving rise to this Complaint occurred in this district.

## PARTIES

3. At all times mentioned herein, Plaintiff, Laura Carr, is and was a resident of the State of Illinois and resides in Granite City Illinois.

4. At all times mentioned herein, Defendant, Nestle Purina PetCare Company., is and was a Missouri corporation with its principal place of business in St. Louis Missouri.

5. At all times mentioned herein, Defendant Nestle Purina PetCare Company, owned and operated Purina Farms, 500 Danforth Drive, Gray Summit, Missouri 63039.

### Count I

6. On or about July 5, 2013, Plaintiff was an invitee at Purina Farms when she was caused to fall on loose straw which lay on top of a varnished hardwood floor as she lifter her grandchild over a bale of straw between the main walkway and a barn stall with a rope swing.

6. The existence of straw on top of the hardwood made the premises not reasonably safe and Defendant knew, or in the exercise of ordinary care, could have known that said condition existed but failed to use ordinary care to make the premises reasonably safe by remedying the condition, barricading it, or warning of it.

7. As a direct and proximate result of the negligence of Defendant, Plaintiff. Laura Carr, was caused to sustain injuries to her right leg and hip and right arm and shoulder. She has undergone extensive medical treatment, four surgeries, therapy and hospital admission, and will be required to undergo additional medical treatment in the future. She has incurred medical expenses and will continue to incur additional medical expenses in the future. She has lost wages in a sum not yet determined and her ability to

work and earn wages in the future has been impaired and limited.  Her ability to enjoy life has been impaired and limited and will be so impaired and limited in the future.  She has suffered and will in the future continue to suffer pain and disability all to her injury and damages.  All of her injuries are painful, permanent and progressive.

WHEREFORE, Plaintiff prays judgment against Defendants in such sum of money damages provided by law in excess of Seventy-five Thousand Dollars ($75,000.00) together with pre-judgment interest as provided by law, together with costs and other relief this Court considers proper.

Respectfully submitted,

WILKINS SCHNELLER LAW, LLC

By: /s/ Gerard B. Schneller

Gerard B. Schneller #38098
Kevin D. Wilkins #63318
1926 Chouteau Ave.
St. Louis, MO 63103
314-588-8000 p.
844-272-6236 f.
Wilkins@midwesttriallawyers.com
Schneller@midwesttriallawyers.com